[No. 3,600.]

IN THE MATTER OF THE ESTATE OF C. A. JOHNSON, DECEASED: ELLEN M. JOHNSON, APPELLANT, *v.* J. W. TYSON, EXECUTOR.

APPEARANCE IN PROBATE COURT.—The voluntary appearance in the Probate Court of an executor, in proceedings relating to the estate, is a waiver of the issuance and service of a citation on him.

ORDER OF PROBATE COURT NOT APPEALABLE. — An appeal does not lie from an order of the Probate Court setting aside its own proceedings, had before a final order, upon application of the surviving wife to have the homestead set aside to her.

APPEAL from the Probate Court of San Diego County.

Cullen A. Johnson died on the 15th day of May, 1872, at the City of San Diego, leaving a surviving wife and four minor children. Deceased left a will in which J. W. Tyson was appointed executor. The will was probated and letters

were issued to Tyson. On the 9th day of September, 1871, the surviving widow had filed a declaration of homestead on a lot of land in San Diego on which she and deceased were then living. June 24th, 1872, the widow filed a petition to have this lot set aside to her as a homestead, and obtained an order to have a citation issued to Tyson, the executor. No citation was issued, but the executor appeared, by his attorney, in the proceedings had upon this petition. An attorney was appointed for absent heirs, and on the 13th of July, 1872, three commissioners were appointed to appraise the homestead property. On the 16th of July the commissioners reported to the Court, and the motion to confirm their report was continued several days, when Tyson moved that all proceedings in relation to the petition be set aside, because no citation had been issued or served on him. Evidence was taken on the motion, and on the 23d of August, 1872, the Court set aside the proceedings as to the executor subsequent to the filing of the petition, and from this order the petitioner appealed.

*Louis Branson,* for Appellant.

The appearance of the executor waived the citation. (*Abila* v. *Padilla,* 14 Cal. 103.)

The same intendments in favor of jurisdiction obtain in the Probate Court that obtain in other Courts of record. (*Lucas* v. *Todd,* 28 Cal. 182; *Irwin* v. *Scriber,* 18 id. 499.)

*I. Hartman,* for Respondent.

By the Court:

It is clearly shown by the record that the executor had appeared from time to time in the proceedings had upon the petition of the widow to set apart certain property as a homestead for her. Notwithstanding such, his general ap-

pearance to the petition, the Probate Court subsequently and pending the proceedings, upon the motion of the executor (respondent here), set aside all the proceedings subsequent to the filing of the petition, because " no citation was issued and served upon the executor." Of course we would not hesitate, upon these facts, to reverse this action of the Court, were the order itself the subject of an appeal, but it is not. The proceedings upon the petition appear to be still pending before the Probate Court, and the order complained of therefore does not amount to an order, decree, or judgment, either "for or against setting apart property," etc., for the widow. (Probate Act, Sec. 297.)

The appeal is dismissed. Remittitur to issue forthwith.