[S. F. No. 2340.   Department One. — April 30, 1901.]

## W. C. SHARPSTEIN, Appellant, v. EMMA P. EELLS et al., Defendants.   FANNIE A. MORTON, Respondent.

DISMISSAL OF ACTION — FAILURE TO SERVE SUMMONS WITHIN THREE YEARS — MANDATORY STATUTE — DEFAULT OF DEFENDANT — SPECIAL APPEARANCE. — The provisions of subdivision 7 of section 581 of the Code of Civil Procedure, that the action shall be dismissed if the summons is not served and returned within three years, are mandatory; and a defendant served with summons after that time is entitled to such dismissal, even though he has made default, if he has not appeared generally in the action, but only specially to demand the dismissal.

ID. — AMENDMENT OF CODE — INTENTION OF LEGISLATURE. — The amendment of subdivision 7 of section 581 of the Code of Civil Procedure, made in March, 1895, was merely intended by the legislature to free the provisions thereof from ambiguity, and was not intended to oust the jurisdiction of the court in cases only in which the summons was not issued within one year.

APPEAL from a judgment of the Superior Court of Napa County.   E. D. Ham, Judge.

The facts are stated in the opinion.

J. J. Dwyer, and T. B. Hutchinson, for Appellant.

Webber & Rutherford, and H. C. Gesford, for Respondent.

COOPER, C. — This is an appeal from an order dismissing the action as to respondent.   The summons was issued October 26, 1895, but was not served until February 6th, nor returned until February 17, 1900.   On the last-named day the respondent not having appeared or answered, her default was entered.

On March 12, 1900, upon motion of respondent's counsel, the court made an order dismissing the action as to her, upon the ground that the summons was not served, filed, or returned within three years after its issuance, as required by subdivision 7 of section 581 of the Code of Civil Procedure.   The action of the court was correct.   The question has so often been discussed by this court, that we deem it useless to do more than refer to the cases.   (*Vrooman v. Li Po Tai*, 113 Cal. 305; *Davis*

v. *Hart*, 123 Cal. 385; *Cooper* v. *Gordon*, 125 Cal. 297; *White* v. *Superior Court*, 126 Cal. 247; *Modoc Land etc. Co.* v. *Superior Court*, 128 Cal. 255.)

It is urged that the respondent did not make the motion until after her default had been entered, and that it was then too late. The language of the statute is plain and mandatory. No action "shall be further prosecuted, and no further proceedings shall be had therein," unless the summons shall have been issued within one year, and all actions *shall* be dismissed "unless the summons shall be served and return thereon made within three years after the commencement of said action." The only exception is, that where appearance has been made within the three years, the action may be prosecuted in the same manner as if summons had been issued and served. Here, no appearance was made, except for the purposes of the motion. The method of obtaining jurisdiction of the person of a defendant is statutory. The statutory mode not having been pursued in time, the right given to respondent to have the action dismissed was absolute.

Subdivision 7 of said section 581, as amended in 1895, is as follows: "And no action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion or on the motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have been issued within one year, and *all such actions shall be in like manner dismissed, unless the summons shall be* served and return thereon made within three years after the commencement of said action."

Said subdivision was added to section 581 by the legislature in March, 1889, with the exception of the words in italics, which were added in March, 1895. It is insisted that by the amendment of 1895, adding the words, "all such actions shall be in like manner dismissed, unless the summons shall be," the meaning of the section was materially changed.

It is said in appellant's brief: "It now clearly appears that, as the subdivision was originally enacted, the court was denied jurisdiction, just as much in one case as in the other; but that the legislature, with the evident intent of ousting the jurisdiction of the court in those cases only in which the summons

has not been issued within a year, inserted the language in italics."

We do not think the appellant's contention as to the construction of the amendment correct. The original words, "and served and return thereon made," had reference to the summons. The words as amended, "and *all such actions shall be in like manner dismissed, unless the summons shall be* served and return thereon made," refer to the summons and also to the action. Under the section prior to the amendment, it was made the imperative duty of the court to dismiss the action, unless the summons was served and return thereon made within three years after the commencement thereof. The section as amended makes it the imperative duty of the court to so dismiss the action, unless the summons shall be served and return thereon made within three years. The amendment was intended to make the legislative intent free from ambiguity. Under the statute, the summons not having been served and return made within the three years, it was the imperative duty of the court to dismiss the action.

The cases herein cited, with the exception of *Vrooman* v. *Li Po Tai*, were all decided after the amendment of 1895. What is said by Mr. Justice Temple in *Cooper* v. *Gordon* is not in conflict with the conclusion herein. The effect of the decision in that case is, that if defendant voluntarily appears, and answers, and demands a trial, after the three years, the court has jurisdiction to proceed.

In this case the respondent did not so appear. The fact that plaintiff, after three years, had the summons served upon her, and that default was entered, did not show any consent or voluntary appearance. When she appeared it was for the purpose of asking that the action be dismissed as to her. She had the right to have it dismissed.

The order should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.                    Harrison, J., Van Dyke, J., Garoutte, J.