[L. A. No. 1737.   Department Two.—May 1, 1907.]

LEANNA ZOBEL, Appellant, v. FRED ZOBEL, Respondent.

PRACTICE—SETTING ASIDE JUDGMENT—CONSTRUCTIVE SERVICE OF SUMMONS—PERSONAL APPEARANCE.—The sole purpose of the provision of section 473 of the Code of Civil Procedure, that when for any cause the summons in an action has not been personally served on a defendant the court may, at any time within one year after the rendition of judgment, upon such terms as are just, set it aside and allow him to answer upon the merits of the original action, is to afford one who has only constructive notice of a suit brought against him, an opportunity within the time designated, to invoke the benefit. of the section and defend upon the merits. Where, however, at any time prior to the judgment, the defendant personally appears in the action, this establishes his personal knowledge of its pendency, and so removes him from the class to which the section affords relief.

ID.—APPEARANCE TO RESIST MOTION—ORAL REQUEST FOR CONTINUANCE. —Where a defendant, who was originally served with summons outside of the state by publication, subsequently appears at the ·hearing of a motion to strike from the files an answer and demurrer filed by him, and orally asks for a continuance of the hearing, such appearance is a general personal appearance in the action, under which the court acquires jurisdiction of the person of the defendant as effectually as if he had been actually served within the state with a copy of the summons and complaint.   Such appearance was equivalent to personal service.   Thereafter the defendant had no right, under section 473 of the Code of Civil

Procedure, to apply to have a judgment rendered against him set aside upon the ground that he had not been personally served with summons.

APPEAL from an order of the Superior Court of San Diego County vacating a judgment. N. H. Conklin, Judge.

The facts are stated in the opinion of the court.

· W. J. Mossholmes, for Appellant.

Mills & Hizar, M. B. Anderson, and Reese M. Ling, for Respondent.

LORIGAN, J.—This is an appeal from an order vacating a judgment entered upon default and granting defendant leave to answer.

The record shows that on May 28, 1904, plaintiff commenced an action in the superior court of San Diego County to quiet title to a lot of land in the city of San Diego. An affidavit and order for publication of summons were thereafter made and service of summons had on defendant by giving him a copy of the summons and complaint in Prescott, Arizona, on June 13, 1904. On June 24, 1904, defendant filed a general demurrer and answer to the complaint, but omitted to serve copies thereof upon counsel for plaintiff. Thereafter, on November 4, 1904, and upon eighteen days' notice thereof served on defendant in Prescott, plaintiff moved the court to strike said demurrer and answer from the files on the ground that no service of the same was made on plaintiff. When said motion came up for hearing, J. C. Hizar, Esq., one of the attorneys for defendant herein, appeared in court and on behalf of defendant asked the trial court to postpone the hearing of said motion, which the court refused to do, but proceeded to hear the same and made an order striking such pleadings from the files. On the same day the default of defendant was entered and on the tenth day of November, 1904, the cause was brought on before the court for hearing and a decree rendered in favor of plaintiff. After the entry of the decree and on December 23, 1904, the defendant moved the court to set aside said decree on the ground that the summons in the action had not been personally served on him, and that he had a good and

meritorious defense to the action. The answer, profert of which accompanied the motion, set up as such defense that he had a valid and subsisting lien upon the premises described in the complaint, consisting of the mortgage claim for three thousand dollars. The court granted the motion and made an order setting aside and vacating the judgment and default, and allowing defendant to file the answer he presented on the motion. The validity of this order is the only question presented on this appeal.

It is provided by section 473 of the Code of Civil Procedure that when for any cause the summons in an action has not been *personally* served on a defendant the court may, at any time within one year after the rendition of judgment, upon such terms as are just, set it aside and allow him to answer upon the merits of the original action. The obvious and sole purpose of this particular provision of section 473 is to afford one, who has only constructive notice of a suit brought against him, an opportunity within the time designated, to invoke the benefit of the section and defend upon the merits. Where, however, at any time prior to the judgment, the defendant personally appears in the action, this, of course, establishes his personal knowledge of its pendency, and so removes him from the class to which the section affords relief. Now, the motion made by defendant was based solely upon the ground that personal service of the summons had not been made upon him; that he had only constructive notice of the action brought against him. The discretion of the court was not invoked upon any other ground; no showing or suggestion that the judgment was taken against defendant through mistake, surprise, inadvertence, or excusable neglect. He based his application solely on want of personal service, and the validity of the order is to be determined by considering whether the evidence sustained that claim. We are satisfied that it did not, because it appears from the record that the defendant, notwithstanding he was originally served outside of the state, personally appeared in the action prior .to the rendition of judgment, and hence was not entitled to have the judgment set aside under the provision of the section upon which his application was based.

. Without at all considering whether the filing of the demurrer and answer by defendant constituted personal appear-

ance in the action by him which was unaffected by the order of court striking them from the files, still we think that when defendant appeared at the hearing of the motion to strike these pleadings out, and asked for a continuance of the hearing, it was a general personal appearance in the action under which the court acquired jurisdiction of the person of defendant as effectually as if he had been actually served within the state with a copy of the summons and complaint; such appearance was equivalent to personal service.

The general rule is that an appearance for any other purpose than to question the jurisdiction of the court is general. (2 Ency. of Plead. & Prac. 632.) It is difficult to perceive how the application of the defendant for a continuance of the hearing could operate other than as a personal appearance in the case. He was invoking the action of the court in his behalf, and that his application was unsuccessful was immaterial as far as his voluntary appearance therein was concerned. He could not consistently apply for the relief asked on any other theory than that he was submitting himself to the general jurisdiction of the court in the action. While the application made by him for a continuance was oral, this could not affect the question of its constituting an appearance. Had a written motion in that behalf been made based on affidavits, no question could possibly arise but that it constituted a personal appearance in the action, and the fact that it was made orally only rendered the method of appearance different; it did not affect the fact that it was an appearance.

We hardly think it necessary to cite authorities on this proposition. The general rule is laid down in *Security etc. Co.* v. *Boston etc. Co.,* 126 Cal. 422, [58 Pac. 942, 59 Pac. 296], where authorities are collated and discussed that "the principle to be extracted from the decision on the subject is, that where the defendant appears and asks some relief which can only be granted on the hypothesis that the court has jurisdiction, it is a submission to the jurisdiction of the court as completely as if he had been regularly served with process. . . . If a party wishes to insist upon the objection that he is not in court he must keep out for all purposes except to make that objection. . . . If he appears and asks for any relief which could only be given to a party in a pending case it is a general appearance."

The rule that the appearance is general applies in all cases where some action or relief is applied for, and it is just as effectually made when the appearance is to make application for a continuance or postponement of some matter pending before the court, as when invoking the action of the court in other matters concededly constituting an appearance. In *Honeycutt* v. *Nyquist*, 12 Wyo. 183, [109 Am. St. Rep. 975, 74 Pac. 90], it is said: "It has frequently been held, and we think it is the recognized rule, that a request for a continuance of a cause or an agreement to that effect, either orally in open court or by a writing filed in the cause, operates as a voluntary appearance."

We think, therefore, that when the defendant appeared and applied for a continuance of the hearing on the motion to strike out his pleadings, it was a general voluntary personal appearance in the cause, and hence he was not entitled to apply to have the judgment entered against him set aside upon the ground that he had not been personally served with summons in the action; by personally appearing he lost any right which he might otherwise have had under the section had he not so appeared.

Under the circumstances the order setting aside the judgment was not warranted, and is reversed.

Henshaw, J., and McFarland, J., concurred.