[Civ. No. 1359.  First Appellate District.—July 17, 1914.]

ALDEN ANDERSON, Superintendent of Banks of the State
of California, Appellant, v. Y. NAWA et al., Re-
spondents.

ACTION—MOTION TO DISMISS FOR DELAY IN SERVING SUMMONS—SPECIAL
APPEARANCE.—The mere making and presentation of a motion to
dismiss an action upon the ground of unreasonable delay in the
service of summons is not a general appearance of the defendant
which subjects him to the jurisdiction of the court for all of the
purposes of the action.

ID.—ENFORCEMENT OF LIABILITY OF STOCKHOLDERS OF BANK—ACTION
BY BANK COMMISSIONER — DISMISSAL FOR DELAY IN SERVING
SUMMONS.—It is not an abuse of discretion to dismiss an action,
brought by the bank commissioner against the stockholders of an
insolvent banking corporation on behalf of its creditors, for a
delay of two years and ten months in serving summons on the
moving defendant, where it appears that the summons could have
been served at all times without any difficulty, although it is made
to appear in opposition to the motion that during all of such period
the plaintiff was actively engaged in an investigation of the bank's
assets, which, if successful, would thereby reduce the defendant's
liability as stockholder.

ID.—INABILITY TO SERVE SOME OF DEFENDANTS NO EXCUSE FOR NOT
SERVING OTHERS.—The difficulty of locating some of the defend-
ants in such an action is not a sufficient excuse for delay in the

service of process upon a defendant whose whereabouts is known. The liability of such defendant as a stockholder is primary and independent, and in no sense and to no extent dependent or contingent upon the liability of the remaining defendants, and the court in its discretion might render a several judgment against him without regard to the liability of the remaining defendants, and regardless of whether or not any or all of them have been served with process.

ID.—ABSENCE OF INJURY TO DEFENDANT NO EXCUSE FOR DELAY IN SERVING SUMMONS.—The fact that the delay in the service of summons did not operate to deprive the defendant of any defense which he may have had to the action will not suffice to excuse such delay.

ID.—MERITS OF CASE—WHETHER CONSIDERED ON MOTION TO DISMISS ACTION FOR DELAY IN SERVING SUMMONS.—The dismissal of an action because of unreasonable delay in the service of summons may be made without regard to the merits or demerits of the cause of action; the motion is granted as to a meritorious cause of action as well as to one without merit, because in either case there has been a failure upon the part of the plaintiff to use the diligence which the law requires to make an end of litigation.

ID.—DELAY IN SERVICE OF SUMMONS—RULE THAT LACHES CANNOT BE IMPUTED TO STATE.—The state bank commissioner, in his action to enforce the liability of stockholders of an insolvent bank on behalf of its creditors, is not invested with the sovereignty of the state, and cannot, on motion by a defendant to dismiss the action for delay in serving summons, invoke the rule that laches cannot be imputed to the state.

APPEAL from judgments of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

F. A. Cutler, A. A. De Ligne, and H. W. Johnson, Jr., for Appellant.

J. J. Lermen, C. L. Tilden, and W. F. Postel, for Respondents.

LENNON, P. J.—Pursuant to the provisions of the Bank Act (Stats. 1909, sec. 136, p. 115) this action was instituted by the plaintiff, as state bank commissioner, against the defendants, as stockholders of a banking corporation in liquidation, known as Kimmon Ginko (Golden Gate Bank). Upon motion of the defendant, Swayne & Hoyt Company, the ac-

tion was dismissed upon the ground of unreasonable delay in the service of summons. Judgment was thereupon entered in favor of said defendant. Subsequently the court of its own motion dismissed the action as to all of the defendants on the ground that summons had not been served and returned within three years from the commencement of the action, and thereupon rendered and entered judgment in favor of all of the defendants, including Swayne & Hoyt. The plaintiff has appealed from both judgments. Both appeals purport to have been exclusively taken and perfected under the new or alternative method provided by sections 941a, 941b, and 941c of the Code of Civil Procedure. It is conceded by the plaintiff that both appeals were so taken and perfected, and that the record before us would not support an appeal from either judgment under the old method of appeal. It is further conceded by the plaintiff that in so far as the appeal from the second judgment is concerned the essential requirements of the new or alternative method of appeal were not complied with, and that as a consequence we have not before us under either method of appeal a duly authenticated record of the proceedings had in the lower court upon the rendition and entry of the second judgment. This being so, it is finally conceded—as indeed it must be—that we have no jurisdiction to hear and determine the second appeal, and that the same must be dismissed.

With reference to the appeal from the first judgment, the record shows that the action was commenced by the filing of the plaintiff's complaint on January 5, 1910, and that summons was issued upon the same date, but not served upon the defendant Swayne & Hoyt until the sixteenth day of October, 1912. The motion to dismiss was filed November 7, 1912, and granted January 13, 1913. The defendant did not otherwise or for any other purpose appear in the action. The notice of motion to dismiss expressly declared that the defendant appeared in the action solely and specifically for the purpose of the motion; but even if the notice had been silent in this behalf, the mere making and presentation of the motion was not a general appearance of the defendant in the action which would subject it to the jurisdiction of the court for all of the purposes of the action (Code Civ. Proc., sec. 1014; *Steinbach* v. *Leese,* 27 Cal. 295; *Powers* v. *Braly,* 75 Cal. 237, [17 Pac. 197]; *Olcese* v. *Justice's Court,* 156 Cal. 82, [103

Pac. 317] ; *Vrooman* v. *Li Po Tai,* 113 Cal. 302, [45 Pac. 470] ; *Witter* v. *Phelps,* 163 Cal. 655, [126 Pac. 593].)

The motion to dismiss was supported by the affidavit of R. H. Savage, which, after reciting the institution of the action and the failure of the plaintiff for two years and ten months thereafter to serve the defendant, Swayne & Hoyt, with summons in the action, alleged certain facts and circumstances, which tended to show that the summons could have been served upon the defendant without the slightest difficulty, had the plaintiff so desired, at any and all times after the institution of the action. The averments of the affidavit offered upon behalf of the defendant, and received in evidence in support of the motion to dismiss, were not controverted by the counter affidavit of the plaintiff; and therefore it was an admitted fact upon the hearing of the motion that the plaintiff, if he so desired, could, at all times after the institution of the action, have readily and without difficulty of any kind, have served the defendant with summons in the action.

The power of the court to dismiss upon a showing of undue delay in prosecuting the action is not disputed; and it is conceded that the unexplained and inexcusable failure to serve the summons within two years and ten months from the date of its issuance *prima facie* constituted good and sufficient ground of dismissal. It is insisted, however, that the showing made by the plaintiff justified and excused the delay in the service of the summons; and that therefore the court below abused its discretion in dismissing the action. This contention is rested primarily upon the assumption that the uncontradicted affidavit made upon behalf of the plaintiff in opposition to the motion to dismiss, affirmatively established not only the fact that the delay in the service of summons was unavoidable, but that such delay helped rather than harmed the defendant.

In this connection the affidavit offered and received in evidence upon behalf of the plaintiff recited in substance that the business and assets of the Kimmon Ginko (Golden Gate Bank) were taken possession of by the plaintiff for the purpose of liquidation prior to the institution of the action; that the outstanding credits due the bank were largely unsecured, and due almost wholly from Japanese clients, and consisted of more than one thousand separate accounts; that the complicated condition of the affairs of the bank at the time of

its suspension rendered necessary a thorough investigation, in order to ascertain what amount, if any, would be required from the stockholders to supply the deficiency existing between the liabilities and the assets of the bank; that pending such investigation the action was instituted for the purpose of preventing the statute of limitations from running against the claims of the creditors of the bank and in favor of the defendants as stockholders thereof; that the action could not be fairly and justly pressed against the defendants as stockholders without first ascertaining how much would be realized from the assets of the bank; that the defendant Swayne and Hoyt was in no way injured by the delay in serving the summons, because every defense available at the time the action was instituted was just as available after the summons had been served; that the defendant was benefited by the delay in serving the summons in the particular that the plaintiff was thereby enabled to definitely ascertain the exact amount of the defendant's liability; that because of the large number of stockholders it required much time to locate many of them, and that until all of them could be found and served with summons it was impracticable to press the prosecution of the action.

We are not convinced that the court below would have been justified in finding from the showing of the plaintiff that the delay in the service of the summons inured to the benefit of the defendant. The affidavit made in behalf of the plaintiff in opposition to the motion discloses that the business of the bank was taken over by the plaintiff on July 1, 1909, and that an investigation of its affairs was at once commenced and was still under way at the time of the making of the motion to dismiss. It will thus be seen that for more than three years prior to the motion to dismiss, the plaintiff was engaged in investigating the affairs of the bank; and the affidavit in opposition to the motion contains no averment that such investigation had been completed, or that it would ever be completed. Such investigation, perchance, might have resulted in benefit to the defendant; but the defendant was not required to indefinitely postpone its motion to dismiss, nor could it be denied the advantage of the motion merely because the complicated condition of the bank's affairs prolonged the investigation of the plaintiff; and in the absence of an affirmative showing that such investigation had de-

veloped a definite result favorable to the defendant, we are at a loss to comprehend how it was benefited by the delay.

But even if it be conceded that the allegations of the plaintiff's affidavit show that the investigation instituted by the plaintiff would ultimately have resulted in collecting and conserving the assets of the bank, and that thereby the defendant's liability as a stockholder would be correspondingly reduced, this in effect would be asking to excuse the delay in the service of summons upon the ground that the plaintiff was occupied during the two years and ten months immediately following the institution of the action in endeavoring to procure evidence which would definitely fix the amount of the defendant's liability. The necessity, if any, for such evidence doubtless would have been favorably considered by the lower court and the defendant as a ground for the postponement of the trial of the action after issue joined; but it could not operate to excuse an unreasonable delay in the service of summons. (*Caldwell* v. *Regents of University of California,* 23 Cal. App. 29, [136 Pac. 731].)

The affidavit interposed upon behalf of the plaintiff, in so far as it related to the claim that the delay in the service of process was unavoidable, because of the multiplicity of defendants, was manifestly deficient in not affirmatively and unequivocally alleging that the plaintiff had in good faith endeavored to serve the several defendants with process. The allegation that "it had taken a great deal of time to ascertain the whereabouts of many of them" is very indefinite and uncertain, and is far from being an allegation that the plaintiff had made any effort to serve any of the several defendants after they had been located. Moreover, whatever difficulty the plaintiff may have encountered in locating any one or more of the defendants was not in and of itself a sufficient excuse for delaying service of process upon a defendant whose whereabouts was at all times known to the plaintiff. We know of no good reason why it was impracticable to press the prosecution of the action "until all of the defendants had been found who could be served with summons." The liability of the defendant as a stockholder of the defunct bank was primary and independent, and in no sense and to no extent dependent or contingent upon the liability of the remaining defendants, and the court below in its discretion might have rendered a several judgment against the de-

fendant Swayne and Hoyt without regard to the liability of the remaining defendants, and regardless of whether or not any or all of the remaining defendants had been served with process. (Code Civ. Proc., secs. 414, 578, 579.)

The fact that the delay in the service of summons did not operate to deprive the defendant Swayne and Hoyt of any defense which it may have had to the action will not suffice to excuse such delay. It cannot be assumed that the defendant did not have a valid defense merely because the action was only to enforce a stockholder's liability. For aught that appears in the showing made by the plaintiff, the delay in the service of summons may have impaired the preparation and presentation of whatever defense the defendant may have had to the action. But aside from these considerations, the dismissal of an action because of unreasonable delay in the service of the summons may be made ''without regard to the merits or demerits of the cause of action. The motion is granted as to a meritorious cause of action as well as to one without merit, because in either case there has been a failure upon the part of the plaintiff to use the diligence which the law requires to make an end of litigation.'' (*Bell* v. *Solomons,* 162 Cal. 105, [121 Pac. 377].)

In addition to the showing made upon the motion, it is insisted that the action was instituted by the plaintiff upon behalf of the state in its sovereign capacity, and that inasmuch as laches as a matter of law cannot ordinarily be imputed to the state, the motion to dismiss should have been denied for that reason alone. We are not prepared to say that the general rule in this behalf would operate to excuse an unreasonable delay in the service of summons, in an action instituted by the state in its sovereign capacity, for the purpose of asserting a public right or protecting a public interest; but we are satisfied that the present action does not involve in the slightest degree any such capacity, right, or interest. It will be noted that the present action was not instituted in the name of the state; and doubtless this is so because the statute under which the action was instituted neither directs nor contemplates the interposition of the state in its sovereign capacity. The power conferred by the Bank Act on the state banking commissioner to enforce by suit the liability of stockholders in an insolvent bank, involves but an incidental duty of his office, which, when occasion arises,

he must perform solely for the benefit of the creditors of the bank. Obviously in the performance of such duty he must be acting for the benefit of private parties. From the very nature of the action it is apparent that the state has no interest in the subject matter of the litigation in the sense that it has anything to gain or lose in the determination of the action. This being so, it must be held that the plaintiff in bringing the action was not invested with the sovereignty of the state. (*Stern* v. *State Board of Dental Examiners,* 50 Wash. 100, [96 Pac. 693]; *State* v. *Halter,* 149 Ind. 292, [47 N. E. 665]; *People* v. *Jefferds,* 126 Cal. 296, [58 Pac. 704].) It follows that the plaintiff is not immune from the operation and effect of the rule generally applied to ordinary litigants, which requires due diligence in the prosecution of an action.

The conclusion which we have arrived at upon the merits of the action upon which the first judgment is based makes it unnecessary for us to determine the question as to whether or not the court below had jurisdiction to render the second judgment after an appeal from the first judgment had been taken.

For the reasons stated, the first judgment is affirmed, and the appeal from the second judgment is dismissed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 15, 1914.