[Civ. No. 1359. First Appellate District.—July 21, 1914.]

ALDEN ANDERSON, Superintendent of Banks of the State of California, Appellant, v. Y. NAWA et al., Respondents.

BANKS—ENFORCEMENT OF LIABILITY OF STOCKHOLDERS—ACTION BY BANK COMMISSIONER—DISMISSAL FOR DELAY IN SERVICE OF SUMMONS.—The judgment entered in favor of the respondent C. L. Tilden, on January 14, 1913, is affirmed, and the appeal from the judgment entered on February 14, 1913, is dismissed on the authority of *Anderson* v. *Nawa, ante,* p. 151.

APPEALS from judgments of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge.

The facts are similar to those stated in the opinion in *Anderson* v. *Nawa, ante,* p. 151.

F. A. Cutler, A. A. De Ligne, and H. W. Johnson, Jr., for Appellant.

J. J. Lerman, C. L. Tilden, and W. F. Postel, for Respondents.

THE COURT.—The parties to the above entitled cause having stipulated that the appeals from the two judgments rendered in the said action in favor of the respondent C. L. Tilden present questions identical to those presented in the appeals in the case, No. 1359, *Anderson* v. *Nawa et al.,* (opinion filed July 17, 1914), *ante,* p. 151, [143 Pac. 555], and the said parties having further stipulated that the facts in both cases upon which the judgments of dismissal are respectively based are in all respects substantially the same, and having

further stipulated that the transcript and briefs and arguments filed or made on the appeal from the judgment in favor of respondent Swayne & Hoyt, a corporation (being case No. 1359, *supra*), may be considered as made and filed in the appeals from the judgments in favor of said respondent C. L. Tilden,

Now, therefore, it is hereby ordered upon the authority of the said case (No. 1359), and for the same reasons stated in the opinion filed therein, the first judgment, to wit, the judgment entered and recorded January 14, 1913, in favor of said respondent C. L. Tilden, is affirmed, and the appeal from the second judgment, to wit, the judgment entered and recorded February 14, 1913, is dismissed.