[S. F. No. 7581. Department Two.—December 12, 1917.]

## JOHN BENSON, Appellant, v. RUTH BENSON, Respondent.

MARRIAGE — ANNULMENT OF MARRIAGE — SETTING ASIDE DEFAULT JUDGMENT—LIBERALITY IN GRANTING RELIEF.—The underlying principle dictating liberality in setting aside defaults in actions for divorce is present in the same if not with more force when the action is one for annulment.

ID.—SETTING ASIDE DEFAULT JUDGMENT OF ANNULMENT — SERVICE BY PUBLICATION—AFFIDAVIT OF MERITS.—Where judgment annulling a marriage has been obtained by default on service of the summons by publication, and application to set aside the default is made within a year, an affidavit of merits is not necessary.

ID.—APPEARANCE—ORDER EXTENDING TIME TO PLEAD.—The action of attorneys in requesting and obtaining from the court an order extending the time of a defendant to plead is not the equivalent of an appearance by such defendant.

APPEAL from an order of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge.

The facts are stated in the opinion of the court.

S. T. Hogevoll, and Marcel E. Cerf, for Appellant.

Walter J. Thompson, for Defendant.

HENSHAW, J.—Plaintiff sued defendant for an annulment of marriage which he alleged the two entered into in the state of California on the tenth day of February, 1911. He averred that the defendant was at the time of the marriage a mulatto and by reason of that fact incompetent to enter into the marriage relation with the plaintiff, who is a white person. Substituted service of summons upon defendant was made by publication. On the last day fixed by law for defendant's appearance certain attorneys appeared and secured on her behalf a ten days' extension of time in which to plead. No other or further appearance was made. Defendant's default was entered, evidence was taken, and a judgment and decree annulling the marriage entered. Within one year thereafter the defendant moved to vacate and set aside the judgment upon the ground, amongst others, of her mistake, surprise, and excusable neglect. Defendant filed an affidavit in support of her motion in which she set forth that she married plaintiff in February, 1911; that some time thereafter plaintiff took her to Washington, D. C., where her relatives resided; that about the middle of April, 1912, plaintiff told her that he was obliged to return to California but would send for her within two months; that he abandoned and did not thereafter communicate with her, and she alleges that his purpose in taking her to Washington, D. C., was to abandon her and to leave her in destitution as he did, so that she would not be able to return to California and contest the action for annulment of their marriage. She declares that ''the facts stated and contained therein [in his complaint] are absolutely false and untrue and were known by plaintiff at the time said complaint was sworn to, to be false and untrue''; that she was never served with summons or complaint, but that she received in Washington what purported to be a summons and complaint and ''took the same to a man who represented himself to be a lawyer, in Washington, D. C., paying him a retaining fee in said action, and instructing him to prepare and file for her a contest to the same . . . and he thereupon promised that he would do so; . . . that defendant is ignorant of law and proceedings in court, and has never

been in court in her life or had any kind of litigation whatsoever and she fully relied upon her said attorney in Washington, D. C."; that on or about the 1st of March, 1915, she communicated with Walter J. Thompson, of San Francisco, an attorney at law, requesting him to investigate the condition of said action, and then for the first time was advised that the judgment of annulment had been entered.

A counter-affidavit was filed by plaintiff. In this, as in his complaint, he set forth the marriage as having taken place on the tenth day of February, 1911, and that it was only in the month of April, 1912, that he discovered that his wife was a mulatto; that for the purpose of deceiving him she had represented herself to be of white blood and "had painted herself in such a manner that the said plaintiff, who had known her a short time, could not tell that she was a mulatto."

Upon the application of the defendant thus made within the year the court set aside the judgment and opened the default, and from its order so doing plaintiff has appealed. Upon appeal it is urged that the court abused its discretion in that it was made to appear that the defendant had actual notice of the pendency of the action; that the failure of the attorney whom she asserts she employed in Washington, D. C., so to defend her is not explained; that respondent failed to state any facts in her affidavit of merits showing a defense to the action; that the appearance of the attorneys asking for an extension of time was the equivalent of a submission to the jurisdiction of the court; and, finally, that while liberality is by this court countenanced in divorce actions, that this is not an action for divorce but an action for annulment.

To all of these contentions answer may briefly be made.

The underlying principle dictating liberality in setting aside defaults in actions for divorce is present in the same, if not with more force, when the action is one for annulment. It is not necessary to do more than refer, amongst the many, to the cases of *Wadsworth* v. *Wadsworth,* 81 Cal. 182, [15 Am. St. Rep. 38, 22 Pac. 648], and *Rehfuss* v. *Rehfuss,* 169 Cal. 86, [145 Pac. 1020]. It is not even required that such an application, if made within the year, should be supported by an affidavit of merits. (*McBlain* v. *McBlain,* 77 Cal. 507, [20 Pac. 61]; *Mulkey* v. *Mulkey,* 100 Cal. 91, [34 Pac. 621].)

This being so, the inartificiality of defendant's affidavit of merits is immaterial to the consideration, the objections here made being to the language of that affidavit above quoted. The request of the attorneys to the court in San Francisco to allow defendant an extension of time in which to plead, which for all that appears was not authorized, was not the equivalent of an appearance. (Code Civ. Proc., sec. 1014; *Vrooman* v. *Li Po Tai*, 113 Cal. 302, [45 Pac. 470].)

The order appealed from is therefore affirmed.

Melvin, J., and Lorigan, J., concurred.