[Civ. No. 10705.   Second Appellate District, Division One.—March 12, 1936.]

In the Matter of the Estate of GEORGE B. NOAKES, an Incompetent Person.   E. MAY NOAKES, Guardian, etc., Appellant, v. HARRY LUTGENS, Director of the Department of Institutions, Respondent.

James H. O'Neill for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

DESMOND, J., *pro tem.*—E. May Noakes, sister and guardian of George B. Noakes, a World War veteran and incompetent, appeals from an order in probate directing payment to the medical superintendent of Norwalk State Hospital of the sum of $1440 out of funds of the ward. This amount represented a charge of $30 per month over a period of four years for care, support and maintenance of the incompetent at the hospital, no claim being made for a prior period of three years' care and maintenance, presumably because barred by the statute of limitations. Application for payment was made under section 2181 of the Political Code, which provides that the estates of insane patients harbored at state hospitals shall be chargeable for care, support, maintenance

and expense, except in cases where there is a likelihood that the patient upon being released shall become a burden on the community by reason of the charge. In the instant case the court found that the payment of $1440 would not reduce the estate to such a point. Appellant contended at the hearing that the order should not be made for two reasons, first, laches; second, exemption of the veteran's property from the claims of creditors. These same objections constitute the grounds of the present appeal.

In regard to the first ground, appellant claims that during all the time the veteran has been confined and cared for at the state institution, he might have been cared for at the expense of the federal government at a United States hospital, or wherever confined by direction of the government, "by reason of the fact that his disability had been incurred in the war"; that the present guardian and her predecessor, the now deceased mother of the incompetent, were never advised by the Norwalk authorities that a charge was being entered against the estate, and both believed that the federal government was bearing the expense of the maintenance of the ward; that because of this belief and "because no mention was made of the payment of these charges, the guardian failed and neglected to make application to the Veterans' Administration for the necessary hospitalization which would have been furnished by said Veterans' Administration to the ward without cost".

In answer to this claim, respondent points out that in a case where the state has an interest in the subject-matter of the litigation in the sense that it has something to gain or lose, the doctrine of laches cannot be invoked against the sovereign (10 Cal. Jur. 535; *Anderson* v. *Nawa*, 25 Cal. App. 151, 158 [143 Pac. 555]), and further calls attention to the continuing duty imposed upon the guardian by section 2181 of the Political Code to pay for care, maintenance and support afforded to her ward in the state hospital. We feel that under the circumstances and with the claim limited to the four years prior to its filing, the trial court was justified in ignoring the claim of laches. Especially so, since the guardian at any time during the period of confinement could have made inquiry of the hospital authorities as to whether compensation was being paid to the state by the federal government for the care of the veteran.

█ As to the second ground of appeal, exemption of the veteran's property from the claims of creditors, appellant cites section 22 of the World War Veterans' Act and section 690 of the Code of Civil Procedure, subdivisions 18 and 20, and asks us to conclude that this veteran's estate is made up of benefits or pensions or both, received under the War Risk Insurance Act and the World War Veterans' Act. What testimony, if any, was submitted upon this subject, we do not know. The bill of exceptions indicates that none was offered and from the record it appears that the trial court refused to make such a finding, although proposed by appellant in paragraph VI of his proposed findings; also refused to make other findings requested by appellant, such refusal in each instance being specified in this appeal as error. Without information in the record relating to the character and source of appellant's property, we are not in position to find error in the court's decision not to make a finding on that subject, and giving consideration to the other errors claimed in the failure of the trial court to adopt other findings proposed by appellant, we hold that they are not well grounded.

Order affirmed.

York, Acting P. J., and Doran, J., concurred.