[S. F. No. 16314. In Bank. May 11, 1942.]

ROSE RAPS, Appellant, v. ELIAS RAPS, Respondent.

Stella Donovan for Appellant.

Marcel E. Cerf, Robinson & Leland and Herbert A. Leland for Respondent.

THE COURT.—This is an appeal from an order vacating a final decree of divorce. Proceedings were brought in the superior court in June, 1939, by Elias Raps to set aside the interlocutory and the final decrees of divorce entered about twelve years before in favor of his wife.

Rose and Elias Raps were married in 1912. On March 1, 1926, Rose was granted an interlocutory decree of divorce on the ground of wilful neglect. The final decree was entered on motion of plaintiff's attorney on March 4, 1927. The record shows that the parties had become reconciled and were living together at the times of entry of both decrees. Rose died in 1938 and her sister, Fanny Abrahamson, was appointed executrix of her will. The will recited that Rose and her husband were divorced. Shortly before her death Elias was stricken with partial paralysis, hyper-pituitarism caused by the removal of a tumor on the brain, and secondary anemia. He was placed in a hospital and suffered the deprivation of normal mental and physical faculties for some time. He did not learn of his wife's death or the recitation in her will that they were divorced until after partial recovery. Thereupon, and within three months, he moved to vacate the divorce decrees on the ground that they were procured by extrinsic fraud on the part of the plaintiff in concealing the fact of reconciliation and were therefore void.

In the meantime Mr. More, who was the attorney of record for Rose Raps in the divorce proceeding, the judge who tried the case, and the then clerk of the court had passed away.

The defendant's motion was made without formal substitution of the executrix of Rose Raps, deceased, as a party to the divorce action, and without formal substitution of an attorney in the place of Mr. More. It does not appear that a notice of motion or any other process was served upon the executrix, Fanny Abrahamson, who was in Maryland when the proceeding on the motion was commenced. However, it does

appear that a notice of motion, addressed to Fanny Abrahamson, was served on Stella Donovan, her attorney in the matter of the probate of the will of Rose Raps.

The motion to vacate came on for hearing on June 27, 1939, and the attorney for the executrix appeared in court and asked for a continuance. A continuance was granted until June 29, 1939, and the hearing was held on that day. The transcript of the record at the hearing is shown by the following:

"Mrs. Donovan: I want to raise a preliminary point of law, that the court has no jurisdiction to hear this motion to set aside the interlocutory and final decrees after twelve years.

"(Discussion between counsel.)

"The Court: Objection overruled, proceed.

"Mr. Leland: I will read the affidavits and the notice of motion. (Mr. Leland reads to the court the Notice of Motion to Vacate Interlocutory and Final Decrees of Divorce; Affidavit of Elias Raps; Affidavit of Mae Weiner, and Affidavit of M. G. Meisel.)

"Mr. Leland: The defendant was the husband. The plaintiff was the wife. She is dead. The executrix of her will is represented in court by counsel, Mrs. Donovan. I think the record should so show, Mr. Clerk.

"Mrs. Donovan: I take the position that the court has no jurisdiction to set aside the interlocutory decree or the final decree after one year.

"(Discussion between Court and counsel.)

"The Court: Motion granted."

The executrix has appealed from the order granting the motion on the ground that the court did not have jurisdiction of the subject matter of the action because of the lapse of more than twelve years between the entry of the final decree and the making of the motion to set it aside, and on the additional ground, apparently not urged on the hearing in the trial court, that the court did not have jurisdiction of the plaintiff's representative because no proper substitution or service of notice had been made.

The appearance in court of the attorney in behalf of the executrix for the purpose of challenging the jurisdiction of the court to entertain the motion on the ground that the court had no jurisdiction over the subject matter, constituted a general appearance by the executrix. This is so even though it be assumed, in the absence of a record showing the fact,

that the attorney also interposed an objection to the jurisdiction of the person of the executrix. (*Olcese* v. *Justice's Court*, 156 Cal. 82 [103 Pac. 317]; *Security Loan & Trust Co. of So. Cal.* v. *Boston & S. R. Fruit Co.*, 126 Cal. 418 [58 Pac. 941, 59 Pac. 296]; *Burrows* v. *Burrows*, 10 Cal. App. (2d) 749 [52 P. (2d) 606]; *Morte* v. *Justice's Court*, 139 Cal. App. 605 [34 P. (2d) 748]; *Roberts* v. *Superior Court*, 30 Cal. App. 714 [159 Pac. 465].) In *Olcese* v. *Justice's Court, supra,* where the petitioner appeared for the purpose of objecting to the jurisdiction of his person and of the subject matter, the court said:

"Pleas based upon lack of jurisdiction of the person are in their nature pleas in abatement and find no especial favor in the law. They amount to no more than the declaration of the defendant that he has had actual notice, is actually in court in a proper action, but, for informality in the service of process is not legally before the court. It is purely a dilatory plea, and when a defendant seeks to avail himself of it, he must, for very obvious reasons, stand upon his naked legal right and seek nothing further from the court than the enforcement of that right. He will not be heard to ask of the court anything further than an adjudication upon his plea, and if he does ask anything further, then, by logic of the fact, he must necessarily have waived the irregularity of his summons before the court. Here is one reason for the well-settled rule that if a defendant wishes to insist upon the objection that he is not in court for want of jurisdiction over his person, he must specially appear for that purpose only, and must keep out for all purposes except to make that objection. Another reason equally valid, is that if such defendant shall ask for any relief other than that addressed to his plea, he is seeking to gain an unconscionable advantage over his adversary, whereby, if the determination of the court be in his favor he may avail himself of it, while, if it be against him, he may fall back upon his plea of lack of jurisdiction of the person. So it is well-settled that if a defendant, under such circumstances, raises any other question, or asks for any relief which can only be granted upon the hypothesis that the court has jurisdiction of his person, his appearance is general, though termed special, and he thereby submits to the jurisdiction of the court as completely as if he had been regularly served with summons."

 The executrix urges that she was not properly substituted in the action in the place of Rose Raps, deceased, under the provisions of section 385 of the Code of Civil Procedure, which provides in part as follows: "In case of the death or any disability of a party, the court, on motion, may allow the action or proceeding to be continued by or against his representative or successor in interest. . . ." She also contends that there had been no proper proceeding to substitute an attorney for the deceased attorney of record for Rose Raps in the divorce action, under section 286 of the Code of Civil Procedure. That section provides that when an attorney dies the party he represented "must, before any further proceedings are had against him" be required to appoint another attorney. These objections do not appear to have been made on the hearing of the motion. Admittedly there was a failure formally to substitute the executrix and her attorney. This defect, however, does not compel a reversal of the trial court's order in a case where a general appearance has been made by the attorney in behalf of the executrix. (*Mooney* v. *Superior Court,* 183 Cal. 705 [192 Pac. 542] ; *Tolle* v. *Doak,* 12 Cal. App. (2d) 195 [55 P. (2d) 542].) The attorney for the executrix appeared pursuant to the notice served upon her and objected to the jurisdiction of the court over the subject matter of the motion. Thus by making a general appearance in behalf of the executrix she waived the lack of formal substitution. In *Mooney* v. *Superior Court, supra,* it was said:

"But assuming that there should have been a substitution, notice of the motion for dismissal having in fact been served upon his duly qualified personal representative, she appeared and contested the motion upon its merits, thus practically making herself in her official capacity as executrix of the will of contestant a party to the proceeding in his place. She was in fact fully authorized to be substituted in his place; she did proceed therein and was recognized as proceeding therein as if formally substituted, and at most all that was lacking was the entry of a formal order of substitution. This at best was a mere irregularity in procedure not affecting any substantial right, which, in view of the circumstances, would hardly warrant a reversal of the judgment of dismissal on appeal."

The general appearance by the attorney in behalf of the executrix also cured any defects in the service of the notice on the party or attorney of record as contemplated by section 1010 of the Code of Civil Procedure. (*Harrington* v. *Superior*

*Court,* 194 Cal. 185 [228 Pac. 15] ; *Martin* v. *Howe,* 190 Cal. 187 [211 Pac. 453] ; *Olcese* v. *Justice's Court, supra; Johnson* v. *Tyson,* 45 Cal. 257.)

The affidavits presented by Elias Raps on the hearing of the motion alleged facts sufficient to establish that the plaintiff Rose Raps had surreptitiously secured the entry of the divorce decrees after there had been a reconciliation between the spouses. In granting the motion the court necessarily determined that the decrees were obtained by means of extrinsic fraud practiced upon the husband and the court and that they should be vacated. The order was within the jurisdiction of the court on the facts presented. (*Britton* v. *Bryson,* 216 Cal. 362 [14 P. (2d) 502] ; *McGuinness* v. *Superior Court,* 196 Cal. 222 [237 Pac. 42, 40 A. L. R. 1110].)

The order is affirmed.