[L. A. No. 18115.   In Bank.   Oct. 1, 1942.]

MRS. R. W. JUDSON, SR., et al., Petitioners, v. THE
SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent.

Macfarlane, Schaefer, Haun & Mulford, Macfarlane, Schaefer & Haun and William Gamble for Petitioners.

J. H. O'Connor, County Counsel, Douglas De Coster, Deputy County Counsel, and Victor L. Mindlin for Respondent.

THE COURT.—Upon a further consideration of the questions presented by the petitioners in this proceeding, the opinion upon which the case was decided when the matter was before the District Court of Appeal, and now modified in part, is adopted as the opinion of this court. In stating the reasons for the decision, Mr. Justice White said:

"In this proceeding, the petitioners claim that they are entitled to a writ of prohibition restraining respondent court from rendering judgment against petitioners, following the entry of their default in an action brought against them in said court. On April 18, 1935, an action was commenced in respondent superior court against petitioners by one Charles R. Bertrand, and upon the same date summons was issued. On April 21, 1941, petitioners herein as defendants in the action served and filed a notice of motion to dismiss the action for want of prosecution, by reason of the fact that five years had elapsed since the filing thereof. (§ 583, Code Civ. Proc.) In the aforesaid notice of motion it was stated specifically that the moving parties 'will make a special appearance for the purpose of moving this Court for an order dismissing the above entitled action.' Without narrating in detail each and all of the acts done by plaintiff in the action to effect service of complaint and summons upon petitioners, as defendants therein, suffice it to say that at the hearing of the aforesaid motion in respondent court, there were introduced various affidavits from which it appeared that plaintiff had made constant, diligent and unceasing, but unavailing, efforts to serve petitioners with process throughout the years intervening between the filing of the action and the hearing on the motion to dismiss same. Based upon such affidavits, the filing of which is alleged in respondent court's answer to the petition herein, and which filing is undenied, the court denied the motion of petitioners on the ground that they had either secreted themselves within the State of California to prevent

service of summons, or had resided outside the State of California, by reason of which respondent court determined that at no time did it have the power to proceed to trial in said action.

"Petitioners' contentions herein are twofold: A. That the motion to dismiss under section 583 of the Code of Civil Procedure is not a general appearance, and that, therefore, the court had no right to order the default of the defendants entered. B. That after five years had elapsed from the time an action is filed, and said cause has. not been brought to trial, the trial court loses jurisdiction over said action for all purposes, except to dismiss the same.

"Whether an appearance is general or special is determined by the character of the relief sought and not by the intention of the party that it shall or shall not operate as a general or special appearance. The statement of a defendant or party that he is making a special appearance is not necessarily conclusive. The test is—Did the party appear and object only to the consideration of the case or any procedure in it because the court had not acquired jurisdiction of the person of the defendant or party? If so, then the appearance is special. If, however, he appears and asks for any relief which could be given only to a party in a pending case, or which itself would be a regular proceeding in the case, it is a general appearance regardless of how adroitly, carefully or directly the appearance may be denominated or characterized as special. (*In re Clarke*, 125 Cal. 388 [58 P. 22].) The rule in this regard may be epitomized by saying that if a defendant by his appearance insists only upon the objection that he is not in court for want of jurisdiction over his person and confines his appearance for that purpose only, then he has made a special appearance, but if he raises any other question, or asks any relief which can only be granted upon the hypothesis that the court has jurisdiction of his person, then he had made a general appearance. (*Olcese* v. *Justice's Court*, 156 Cal. 82 [103 P. 317]; *Zobel* v. *Zobel*, 151 Cal. 98 [90 P. 191].)

"In the instant case we are impressed that petitioners in seeking a dismissal of the case, pursuant to the provisions of section 583 of the Code of Civil Procedure, were invoking the affirmative action of the court in their behalf to terminate the litigation. How they could apply for the relief asked on any other theory than that they were submitting themselves to the general jurisdiction of the court in the

action is not apparent to us, because the relief they sought was such as could be given only to a party in a pending case. (*Zobel* v. *Zobel, supra.*)"

The petitioners' claim that when an action is not brought to trial within five years after the filing thereof, the court loses jurisdiction thereof for all purposes, save only to dismiss it, and that the court must exercise its obligatory duty. Answering that contention, said Mr. Justice White, the provisions of section 583 of the Code of Civil Procedure require the court to dismiss an action when the statutory requirements are met. But, he correctly observed, the rule is not so rigid as to be without exception, and an action should not be dismissed when, as a result of the conduct or action of a defendant, the plaintiff may not proceed to trial with reasonable certainty that a judgment would conclusively determine the rights of the parties.

In the present case, according to affidavits filed in 1940 in response to a motion to dismiss the action, the plaintiffs were advised by persons living where the petitioners had formerly made their home, that they were then residing without the State of California. Later, the petitioner Ross W. Judson successfully moved the court to quash service of summons upon him. In connection with the petitioners' last motion, the ruling upon which is now presented for determination, facts were shown which justified a finding that service of summons had not been made upon them because of their evasion and concealment.

Under these circumstances, to require the plaintiffs to take the uncertain path of publication of summons against defendants who, they had been informed, were non-residents, would reward subterfuge and make dishonesty profitable. The courts have recognized that the statute relating to dismissals although mandatory in form, should not be applied where, although the defendant was not guilty of acts tending to obstruct the administration of justice, it would have been impracticable for the plaintiff to have brought the action to trial. (*Christin* v. *Superior Court,* 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153]; *Estate of Morrison,* 125 Cal.App. 504 [14 P.2d 102]; and *Kinard* v. *Jordan,* 175 Cal. 13 [164 P. 894].) The facts of the present case show much greater justification for an exception to the statutory requirement than those heretofore presented as the basis for an order denying a motion to dismiss.

Because of the former decisions, Mr. Justice White con-

cluded, "the only hypothesis upon which the petitioners could base their motion to dismiss under section 583 of the Code of Civil Procedure was that respondent court had the power to proceed to trial of said cause, and this hypothesis necessarily presupposes and includes that respondent court was clothed with jurisdiction of the persons of petitioners. Such appearance on the part of petitioners was therefore a general appearance by them, and the fact that the court denied petitioners' motion is of no consequence in determining the nature of their appearance, any more than was the designation of the same by petitioners as a special appearance. Having made a general appearance and thereafter failing to plead in the action, and the court having correctly ruled upon such motion under the facts here presented, no error was committed by respondent court in directing the entry of the default of said petitioners, and respondent court should not be restrained from entering a judgment against them."

*Linden Gravel Mining Co.* v. *Sheplar*, 53 Cal. 245, is overruled and *Anderson* v. *Nawa*, 25 Cal.App. 151 [143 P. 555], is disapproved.

It is ordered that the alternative writ issued herein be discharged; the peremptory writ prayed for is denied.

TRAYNOR, J.—I dissent. It is my opinion that the respondent court has not acquired jurisdiction over the petitioners and should therefore be restrained from entering a default judgment against them. While I agree that the court properly denied petitioners' motion, I do not believe that petitioners made a general appearance in seeking a dismissal of the action. Had they requested a ruling that could be made only upon the hypothesis that the court had jurisdiction over them, the appearance would be general, for by making the request they would admit that the court had jurisdiction, thereby waiving its lack of jurisdiction. Thus, in the case of *In re Clarke*, 125 Cal. 388 [58 P. 22], relied upon in the majority opinion, the defendant admitted the jurisdiction of the court by demurring to the complaint. A court does not sustain demurrers and decide moot questions of persons over whom it has no jurisdiction. Likewise, in *Zobel* v. *Zobel*, 151 Cal. 98 [90 P. 191], cited in the majority opinion, the defendant filed an answer, a pleading preparatory to a hearing on the merits, which could not be considered by the court if it did not have jurisdiction over the defendant. I do not

believe, however, that a defendant invariably makes a general appearance by raising a question other than lack of jurisdiction, and I therefore disagree with the statements to the contrary in *Olcese* v. *Justice's Court,* 156 Cal. 82 [103 P. 317], and *Raps* v. *Raps,* 20 Cal.2d 382 [125 P.2d 826]. It has been held by this court that by requesting and securing an order extending time to plead, a defendant does not make a general appearance or admit that the court has acquired jurisdiction over his person. (*Benson* v. *Benson,* 176 Cal. 649 [170 P. 1182]; *Davenport* v. *Superior Court,* 183 Cal. 506 511 [191 P. 911].) A court does not need jurisdiction over the person to grant such an order, and there is no inconsistency in requesting such an order while maintaining that the court lacks jurisdiction. Similarly, a court without jurisdiction over the person can dismiss an action under section 583 of the Code of Civil Procedure, and a defendant, without being inconsistent or impliedly recognizing the jurisdiction of the court, can request such an order while maintaining that the court lacks jurisdiction. There is nothing in section 583 to limit the class of persons who can have actions dismissed. Neither expressly nor by implication does the statute make a general appearance a condition of securing the dismissal of an action thereunder. Thus, in *Sharpstein* v. *Eells,* 132 Cal. 507 [64 P. 1080], in holding that an appearance to dismiss an action for failure to serve a summons within the three years prescribed by Code of Civil Procedure section 581 (7), as amended in 1889, was a special appearance only, the court declared: ". . . if defendant voluntarily appears, and answers, and demands a trial, after the three years, the court has jurisdiction to proceed. In this case the respondent did not so appear. The fact that plaintiff, after three years, had the summons served upon her, and that default was entered, did not show any consent or voluntary appearance. When she appeared it was for the purpose of asking that the action be dismissed as to her. She had the right to have it dismissed." (See, also, *Linden Gravel Mining Co.* v. *Sheplar,* 53 Cal. 245; *Anderson* v. *Nawa,* 25 Cal.App. 151 [143 P. 555]; *Altpeter* v. *Postal Telegraph-Cable Co.,* 26 Cal.App. 705 [148 P. 241]; McBaine, *Practice: Objections to Jurisdiction Over the Person and the Subject Matter,* 30 Cal.L. Rev. 690.)

Petitioners' application for a rehearing was denied October 29, 1942. Traynor, J., voted for a rehearing.