[L. A. No. 6466. In Bank.—September 15, 1920.]

EDWARD MOONEY, Executor, etc., Petitioner, v. THE SUPERIOR COURT OF THE COUNTY OF KERN et al., Respondents.

[1] ESTATES OF DECEASED PERSONS—ERRONEOUS DISMISSAL OF WILL CONTEST—VALID JUDGMENT.—On an application for a writ of prohibition to restrain the superior court from further proceeding in a will contest after having vacated a previous judgment of dismissal, the supreme court is not concerned with any question as to the correctness of the conclusion of the trial court on the motion to dismiss, to the effect that the contest abated with the death of the contestant, for even if such conclusion was erroneous, the granting of the motion to dismiss on such ground was simply error in

CLXXXIII—45

the exercise of jurisdiction, reviewable only on an appeal, and the judgment could not be held to be void for any such reason.

[2] Id.—Dismissal of Will Contest—Death of Contestant—Want of Substitution of Personal Representative—Valid Judgment. A judgment dismissing a will contest on the death of the contestant is not void for want of formal substitution of the personal representative of the deceased contestant.

[3] Id.—Vacation of Judgment of Dismissal—Void Order—Prohibition.—Where no appeal was taken from a judgment dismissing a will contest on the death of the contestant, and the judgment had become final, an order vacating the judgment was beyond the power of the court, and threatened action to further proceed with the contest may be restrained by a writ of prohibition.

APPLICATION for a Writ of Prohibition to restrain further proceedings in a contest of a will. Howard A. Peairs, Judge. Granted.

The facts are stated in the opinion of the court.

Thos. Scott and J. W. Wiley for Petitioner.

E. J. Emmons and Kaye & Siemon for Respondents.

ANGELLOTTI, C. J.—The object of this proceeding is to obtain a writ of prohibition restraining respondents from further proceeding in the matter of a contest of a will instituted in the superior court of Kern County. An alternative writ was issued. The matter was submitted for decision upon the petition and an answer which admitted the truth of most of the allegations of the petition. There is no dispute as to any of the material facts.

Mary O'Donnell died July 6, 1909, leaving estate and a purported will. By the terms of this will, Margaret McNally, who had married Edward Mooney, was the sole beneficiary and executrix. The will was filed for probate. On July 23, 1909, the surviving husband of deceased, Edward O'Donnell filed his opposition to the probate of the will. On September 30, 1912, while the contest thus instituted was pending undetermined, said Edward O'Donnell died testate. On October 21, 1912, his wife, Elizabeth O'Donnell, was appointed executrix of his will and letters testamentary were issued to her thereon. On October 28. 1912, Margaret Mooney gave to said Elizabeth O'Donnell,

as executrix of the will of said Edward O'Donnell, and her attorneys, notice of a motion to be made for the dismissal of the written opposition and contest to the probate of the will of Mary O'Donnell, on the ground, substantially, that the contestant having died, the contest abated. In response to this notice, Elizabeth O'Donnell, as executrix of the will of Edward O'Donnell, appeared at the hearing of the motion and opposed the granting of the same on the merits. The matter was fully heard, and submitted for decision, and on February 27, 1913, an order was made and entered granting the motion and dismissing the contest. No appeal was ever taken from this judgment of dismissal. There was never any formal substitution in the contest proceeding of any party in place of the deceased Edward O'Donnell. On March 19, 1913, after due and legal notice, an order was made admitting the Mary O'Donnell will to probate and appointing Margaret Mooney executrix thereof, and letters testamentary were issued to her. No valid appeal was ever perfected from this order. Margaret Mooney, as executrix, proceeded with the administration of the estate of Mary O'Donnell, with the result that on July 12, 1915, her accounts as executrix were finally settled and a decree of final distribution made, distributing to Margaret Mooney all of the residue of the estate, of all of which she was thenceforth possessed to the time of her death, September 19, 1917. No appeal was ever taken from this decree. On April 24, 1916, over three years after such judgment of dismissal had been made and entered, Elizabeth O'Donnell, as executrix of the will of Edward O'Donnell, deceased, gave notice of a motion for an order vacating the judgment of dismissal of the contest of the will of Mary O'Donnell, and for an order substituting her as such executrix in place of Edward O'Donnell as contestant. The ground of the motion was that at the time of the judgment of dismissal the contestant was dead and neither she nor anyone else had been substituted in his place, and that, consequently, such judgment of dismissal was a nullity, with the result that the contest was still pending undetermined. This motion came regularly on for hearing, and on August 8, 1916, an order was made granting the motion and purporting to vacate the judgment of dismissal, to substitute said Elizabeth O'Donnell, as executrix, as contestant, and to allow her to prosecute such contest.

No appeal was ever taken from this order. The court is about to proceed with the trial of said contest. Margaret Mooney died testate September 19, 1917, and petitioner, Edward Mooney, is the sole devisee and executor under her will.

The only reason suggested in support of the attempted vacating of the judgment of dismissal of the will contest and the further prosecution thereof is that, owing to the failure to formally substitute the executrix of the will of the contestant for the deceased contestant as a party, the judgment of dismissal is an absolute nullity, with the result that everything that followed in the administration, including the decree of final distribution, is likewise a nullity. [1] We are not concerned here with any question as to the correctness of the conclusion of the court on the motion to dismiss, to the effect that the will contest abated with the death of the contestant, for even if such conclusion was erroneous the granting of the motion to dismiss on that ground was simply error in the exercise of jurisdiction, reviewable only on an appeal. The judgment could not be held to be *void* for any such reason. [2] Nor do we think the judgment of dismissal should be held to be *void* for want of formal substitution of the personal representative of the deceased contestant. It is doubtful whether, under the circumstances, the theory being that by reason of the death of the contestant the contest was ended, any substitution of a party plaintiff in place of contestant was even technically required before formal dismissal, and it may well be that all that was essential was notice of the proposed motion to the personal representative of the deceased. But assuming that there should have been a substitution, notice of the motion for dismissal having in fact been served upon his duly qualified personal representative, she appeared and contested the motion upon its merits, thus practically making herself in her official capacity as executrix of the will of contestant a party to the proceeding in his place. She was in fact fully authorized to be substituted in his place; she did proceed therein and was recognized as proceeding therein as if formally substituted, and at most all that was lacking was the entry of a formal order of substitution. This at best was a mere irregularity in procedure not affecting any substantial right, which, in view of the circumstances, would hardly warrant a reversal

of the judgment of dismissal on appeal.  Certainly it did not make the judgment of dismissal void.  The court had full jurisdiction of the subject matter, and, by reason of the due and legal notice given, of all interested parties.  The judgment was in substance not one against a dead man, but one against the personal representative of the dead man.  [3] As we have seen, no appeal was taken from this judgment, and it had become final years before any motion to vacate it was made, and, therefore, was beyond the power of the superior court to vacate or modify.

In view of what we have just said, it is unnecessary to discuss the claim of petitioner with reference to the effect of the decree of final distribution.  The will contest was disposed of by the judgment of dismissal, and this judgment having become final long before any motion to vacate was made, the purported order vacating was beyond the power of the court and void, and the threatened action of the court in regard to now proceeding with the trial of the contest is, therefore, in excess of its jurisdiction.  We are not, however, to be understood as conceding that the decree of final distribution has not finally and conclusively settled, as between all heirs, legatees, and devisees, all questions concerning the distribution of the property of Mary O'Donnell, whatever might be the situation as to the will contest.

Let a peremptory writ of prohibition issue as prayed in the petition.

Lennon, J., Lawlor, J., Olney, J., Sloane, J., Shaw, J., and Wilbur, J., concurred.