[Civ. No. 10162. Second Appellate District, Division One.—February 28, 1936.]

H. A. TOLLE, Respondent, v. WILLIAM C. DOAK, Defendant; EDWARD H. PAGE, Executor, etc., Appellant.

Ivan Miller for Appellant.

C. J. Enking and W. H. Sprague for Respondent.

EDMONDS, J., *pro tem.*—The procedure required to be taken by a judgment creditor, more than five years after the judgment is entered, to secure the allowance of the judgment against the estate of the judgment debtor, who died in the meantime, is the sole question for consideration in this case.

In 1923 H. A. Tolle secured a judgment against William C. Doak. In the same year execution was issued upon this judgment and returned *nulla bona.* In 1933 the defendant died testate and Edward H. Page was appointed and qualified as the executor of his will. In the following year the plaintiff served and filed upon the attorney of record for the executor his notice of motion ''for an order under section 685, C. C. P., for the issuance of execution after the period

of five years and/or for an order enabling the plaintiff to file his claim against the Estate of William C. Doak, deceased, . . . and for such other and further relief as to the Court may seem just.''

The motion came on regularly for hearing, and was granted. Thereafter the executor, by his attorney, served upon plaintiff's counsel a notice of motion for an order vacating and setting aside the previous order of the court. Upon the hearing of this motion it was denied and the executor has appealed from each order.

The position of the appellant is that no order can be made under the provisions of section 685 of the Code of Civil Procedure after the death of the judgment debtor without the substitution of the executor as the defendant in the action in which the judgment was entered, and, further, that notice to the attorney for the executor does not comply with the requirements of that section without such substitution.

It has been the law of this state since 1861 that the superior court has power to order the issuance of execution on a judgment which became final more than five years before the application therefor. ■ Prior to 1933 such an application could be made *ex parte*. In that year section 685 of the Code of Civil Procedure was amended to add to the provision that a judgment ''may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of court, upon motion'', the requirement ''and after due notice to the judgment debtor''. The legislature unquestionably has the power to impose such a condition (*Harrier* v. *Bassford,* 145 Cal. 529 [78 Pac. 1038]), and as the statute is silent as to the manner of giving the notice, personal service is required. (*Long* v. *Chronicle Publishing Co.,* 68 Cal. App. 171, 179 [228 Pac. 873].)

■ The procedure authorized in section 685 of the Code of Civil Procedure ''constitutes neither an 'action' nor a 'special proceeding' of a civil nature within the meaning of those terms, nor is it in the nature of either''. (*Murphy* v. *Davids,* 55 Cal. App. 416 [203 Pac. 802, 804].) ''It is a mere subsequent step in an action or special proceeding already commenced, which is governed entirely, so far the time within which the same may be taken is concerned, by the provisions of the statute specially relating thereto.'' (*Doehla* v. *Phillips,* 151 Cal. 488 [91 Pac. 330].)

198

■ The record before us shows several appearances by counsel for the executor. The minutes of the court at the first hearing include the appearance of counsel for the executor. By a later order these minutes were corrected by striking out the language reciting such appearance and finding that counsel did not make a general appearanec at that time. The minutes at the time of a second hearing show counsel for the executor "appearing specially for defendant and complaining there has been no due notice". Upon this hearing the motion was submitted and thereafter granted.

Subsequently, counsel for the executor filed a notice of motion to vacate the order previously made directing that execution issue. One of the grounds for that motion was:

"That said Order was irregularly and erroneously made in that William C. Doak, defendant in the above entitled matter, died testate on December 23, 1933; that Edward H. Page, your moving party herein, was on or about February 1, 1934 appointed Executor of the Estate of said William C. Doak, deceased, thereafter qualified as such executor, and ever since has been, and now is, the duly appointed, qualified and acting Executor of said estate; and that at the time said Order herein complained of was made, to wit, on July 30, 1934, the said Edward H. Page, or other personal representative of said deceased defendant, had not been substituted in the place and stead of said deceased as defendant herein;".

Another ground was:

"That the Court was without power or jurisdiction on the 30th day of July, 1934 to make said Order, or any Order, in the proceedings then pending, in the name of said William C. Doak in that said William C. Doak died on or about December 23, 1933 and that Edward H. Page, the moving party herein, was appointed as the Executor of the Estate of said deceased defendant on or about February 1, 1934 and ever since has been, and still is, the duly appointed, qualified and acting Executor of said estate; that as such Executor, said Edward H. Page was entitled to be substituted in the place and stead of said William C. Doak as defendant in the above entitled matter before any motion should have been entertained by said Court and before any order was made herein."

It may also be noted that in a brief filed by counsel for the executor supporting his motion he stated that when the

motion for the issuance of execution first came before the court, he "called the attention of said court to the fact that said motion was not supported by an affidavit as required by Section 685 of the Code of Civil Procedure, whereupon said Court dismissed the motion."

With these facts before us, the following language from the case of *Taylor* v. *Superior Court,* 93 Cal. App. 445, 447 [269 Pac. 727] applies. The court there said:

"We have emphasized by quoting the exact language of their ground for dismissal because it therein appears, as it does from their argument, that they not only claim that this court has no jurisdiction over the parties, but also has no jurisdiction over the subject matter, i. e., 'no jurisdiction to issue the writ'. Under these circumstances we are constrained by a long line of authorities to hold that they have made a general appearance and have submitted to the jurisdiction of the court."

Having made a general appearance, reason and justice both require that the creditor should be allowed execution upon his judgment. The attorney for the executor had actual notice of the proceedings. He made a general appearance and had every opportunity to present any facts tending to show that the creditor should not have the relief asked. Although there was no formal order of substitution, under the circumstances shown in this case, this should not require a reversal of the order. (*Mooney* v. *Superior Court,* 183 Cal. 705 [192 Pac. 542].)

In deciding this matter we are not passing upon or considering the question as to whether the court was precluded from making the order for the issuance of the execution by the latter portion of section 685 of the Code of Civil Procedure as it was passed in 1933, as this question is not raised or discussed by any party to this proceeding.

Each order appealed from is, therefore, affirmed.

Houser, P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 27, 1936.