[Civ. No. 11917. Second Appellate District, Division One.—December 23, 1938.]

BURTHOLD WIDENER, Plaintiff; H. PARK ARNOLD, Administrator, etc., (Substituted Plaintiff), Respondent, v. TIMOTHY T. HARTNETT, Appellant.

D. Joseph Coyne, Dan M. Critchley and J. E. Dalton for Appellant.

Holbrook & Tarr and M. B. Towman for Respondent.

YORK, P. J.—Respondent has moved to dismiss the appeal herein and affirm the judgment or order on the ground that the appeal therefrom is frivolous and the question presented so unsubstantial as not to require further argument.

It appears from the record that Burthold Widener recovered a judgment against appellant on February 17, 1932, in a personal injury action, but was unable to collect the same before his death, which occurred on February 22, 1937, although two executions had theretofore issued, to wit: one on April 9, 1932, and the other on October 22, 1936. Letters of administration in his estate were duly granted on September 13, 1937, to H. Park Arnold, respondent herein, and on February 4, 1938, said administrator moved the court for an order substituting himself as party plaintiff in place of de-

cedent (under section 385, Code of Civil Procedure), and also for issuance of execution after a lapse of five years from the date of entry of the judgment (under section 685, Code of Civil Procedure), which motion was granted. The appeal herein is from such order granting said motion, appellant contending (1) that a new party plaintiff may not be substituted after the five-year statute has run; and (2) that he had no proper notice of the motion for issuance of execution for the reason that service was made upon attorney Dan M. Critchley, while Max A. Sturges was at all times his attorney of record.

Respondent in support of his motion to dismiss and affirm contends that a mere inspection of the record will disprove appellant's contentions; that it is elementary that a judgment may be enforced by the administrator in the same manner as the deceased might have enforced it, and that service upon attorney Critchley was proper for the reason that in January, 1937, appellant was brought into court on supplementary proceedings in connection with the judgment of February 17, 1932, at which time he was represented by said attorney Critchley.

Section 685 of the Code of Civil Procedure provides: ''In all cases the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court, upon motion, and after due notice to the judgment debtor accompanied by an affidavit or affidavits setting forth the reasons for failure to proceed in compliance with the provisions of section 681 of this code. The failure to set forth such reasons as shall, in the discretion of the court, be sufficient, shall be ground for the denial of the motion . . . ''

▉ As regards appellant's first point, it is said in 1 California Jurisprudence, 76: ''Even in the case of actions which do not survive death, it is well settled that death of the plaintiff after judgment in his favor and while the judgment stands does not abate the action or affect the validity of the judgment. (*Sherwin* v. *Southern Pac. Co.*, 168 Cal. 722 [145 Pac. 92]; *Andrews* v. *Valley Ice Co.*, 167 Cal. 11 [138 Pac. 699]; *Fowden* v. *Pacific Coast Steamship Co.*, 149 Cal. 151 [86 Pac. 178]; *Blackwell* v. *American Film Co.*, 48 Cal. App. 681 [192 Pac. 189].) Such a judgment becomes part of his estate and may be enforced by his representatives. (*Sherwin* v. *Southern Pac. Co.*, *supra*.) This rule rests upon

the theory that the original wrong or claim is merged in the judgment and that thereafter the controversy is over the judgment and not over the original wrong.''

Section 686 of the Code of Civil Procedure provides: ''Notwithstanding the death of a party after the judgment, execution thereon may be issued, or it may be enforced, as follows:

''1. In case of the death of the judgment creditor, upon the application of his executor or administrator, or successor in interest.''

██ The trial court's ruling on a motion pursuant to the statute (sec. 685, Code Civ. Proc.) should not be disturbed in the absence of a showing of a clear abuse of discretion. (*Corcoran* v. *Duffy*, 18 Cal. App. (2d) 658 [64 Pac. (2d) 735].)

There is no merit in appellant's first point.

██ With reference to appellant's second point that he had no proper notice of the motion for issuance of the execution after a lapse of five years, while it is shown by the record that Max A. Sturges was one of the attorneys of record during the trial of the action and that notice of entry of judgment was served upon him, as was the notice of appeal from the judgment of nonsuit as to defendant corporation, and as well the notice of abandonment of that appeal, the record also shows that on January 13, 1937, in a supplementary proceeding instituted by respondent's intestate to examine appellant concerning his ability to pay the said judgment, appellant was represented by attorney Dan M. Critchley.

Inasmuch as it has been held that ''when a judgment in a cause has once been entered under the direction of the court, the rights of the client have been finally determined and the attorney ceases to have any authority except for the purpose of sustaining and enforcing judgment, or seeking to have it set aside or reversed'' (*Spencer* v. *Barnes*, 6 Cal. App. (2d) 35, 37 [43 Pac. (2d) 847, 848]); and the said Max A. Sturges so far as the record reveals has never attempted to have the said judgment either set aside or reversed, it would appear that the attorney Dan M. Critchley, who represented appellant in the supplementary proceedings just prior to the expiration of five years after the entry of said judgment, was the proper party to be served.

██ In this connection, appellant contends that under the ruling in the case of *Tolle* v. *Doak*, 12 Cal. App. (2d) 195 [55 Pac. (2d) 542], personal service is required in a proceeding under section 685, *supra*, for the reason that said

section is silent as to the manner of giving notice. However, personal service means "delivery to the party or attorney on whom the service is required to be made". (Sec. 1011, Code Civ. Proc.) It is therefore the conclusion of this court that service upon attorney Dan M. Critchley was sufficient notice to appellant of the motion for issuance of execution.

For the foregoing reasons the motion to dismiss appeal is granted and the order is affirmed.

Doran, J., and White, J., concurred.