[Civ. No. 12821. Second Appellate District, Division Two.—December 16, 1940.]

PEARL B. SMITH, Respondent, v. DALTON L. SMITH, Appellant.

Earl S. Patterson for Appellant.

Joseph Schecter for Respondent.

MOORE, P. J.—This is an application for a writ of supersedeas pending appeal from an order denying defendant's motion to recall and quash a writ of execution. The proceeding arose out of a judgment for support and maintenance entered in favor of plaintiff in a divorce action in which the interlocutory decree was entered May 7, 1926. The final decree, including all orders for support, was entered May 17, 1927. The order for the issuance of the writ of execution was entered August 9, 1940.

At the time of entering the interlocutory decree the parties had two minor children, aged seven and thirteen years. The order for support in the sum of $150 per month was for the benefit of the children as well as of plaintiff.

Defendant having defaulted in the payments under the judgment prior to the 12th day of July, 1940, plaintiff filed her affidavit and a motion for the issuance of a writ of execution under section 685 of the Code of Civil Procedure, which reads as follows: "In all cases the judgment may be enforced or carried into execution after the lapse

of five years from the date of its entry, by leave of the court, upon motion, *and after due notice to the judgment debtor accompanied by an affidavit or affidavits setting forth the reasons for failure to proceed in compliance with the provisions of section 681 of this code.* The failure to set forth such reasons as shall, in the discretion of the court, be sufficient, shall be ground for the denial of the motion.

"Judgment in all cases may also be enforced or carried into execution after the lapse of five years from the date of its entry, by judgment for that purpose founded upon supplemental proceedings; but nothing in this section shall be construed to revive a judgment for the recovery of money which shall have been barred by limitation at the time of the passage of this act".

On the 18th day of July, 1940, the court issued the writ *ex parte.* On the second day of August defendant filed and served his notice of motion to recall and quash the execution on the grounds (a) that no personal service of the notice of motion for its issuance was had upon the defendant; (b) that prior to the motion no amount had been fixed as the sum to be paid under the original order; (c) the order authorizing the issuance of the execution made no reference to the change in the status of the parties or to the order of court entered March 17, 1939, reducing the payments to one dollar per month until defendant should become employed and $32 per month thereafter; (d) the original order was made for the benefit of the plaintiff and the two children.

The issuance of the execution was ordered without personal service of the notice of motion having been made upon defendant. The only attempt at service was made upon the firm of Fetterly & Fetterly, which had appeared on behalf of defendant at the hearing on March 17, 1939. But on the day of the hearing of the motion for the issuance of the writ, attorney Fetterly appeared in court and stated that his firm had been discharged following their appearance at the hearing in March of 1939 of the motion to modify the decree. Notwithstanding this positive showing of non-service upon defendant, the court proceeded to order the issuance of the writ.

 It has been held that an execution upon a judgment after the lapse of five years from the date of its entry may be ordered upon motion "after due notice to the judgment

debtor'', and that since the statute is silent as to the manner of giving the notice personal service is required. (*Tolle* v. *Doak,* 12 Cal. App. (2d) 195 [55 Pac. (2d) 542].) Hearing by the Supreme Court was denied in that case. It was subsequently held by the same court in another case that the required service was made upon the defendant by virtue of service made upon his attorney, who had appeared on behalf of the defendant in a court proceeding about one year prior to the order for the issuance of the execution. In the latter case no proof was made that the attorney served with notice was not the acting attorney of the defendant at the time of such service. (*Widener* v. *Hartnett,* 30 Cal. App. (2d) 165 [85 Pac. (2d) 925].) The presumption of the continuance of his agency was the obvious basis of that order.

In support of his demand for the recall of the execution and for a *supersedeas,* defendant recites the background of the order. After the separation defendant conveyed to plaintiff their former home and its furnishings valued at $17,000. Since the entry of the interlocutory decree he has paid her $17,793.67. Sixteen years have elapsed since the entry of the interlocutory decree. Age has advanced; the children have matured; a new economy has altered the status of defendant, while plaintiff has been steadily employed. Defendant has no resources for his own support or out of which the execution might be satisfied, except his salary, and this might be lost in the event of levies. The daughter married in 1930 and the son attained his majority in February, 1939. In view of these facts further proceedings under the execution pending the appeal should be stayed. The amount fixed in the order was taken from plaintiff's affidavit. Properly to determine this sum will require consideration of the claims of defendant, denied him at the hearing, and they cannot be adequately appraised until the merits of defendant's motion to recall and quash the execution shall have been determined on appeal.

It is therefore ordered that all proceedings in this action in the superior court be and they are hereby stayed until a decision upon appeal from the order refusing to recall and to quash the execution.

Wood, J., and McComb, J., concurred.