[Civ. No. 11401.  First Appellate District, Division One.—March 6, 1941.]

ADELAIDE McCOLGAN, Respondent, v. THOMAS SCO-BLE, Defendant, ELLEN WEINSTEIN, as Executrix, etc., Appellant.

Stern & Grupp for Appellant.

Robert Miller Green and J. Albert Hutchinson for Respondent.

PETERS, P. J.—Appellant, as executrix of the last will and testament of Samuel Weinstein, deceased, appeals from an order of the trial court allowing an execution to issue after five years from the date of entry of the judgment, and permitting respondent to present her claim based on the judgment to the appellant, as executrix of Weinstein's estate. The sole contention of appellant is that notice of the motion was not served upon her as provided by section 685 of the Code of Civil Procedure.

So far as pertinent here, that section provides: "In all cases the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court, upon motion, and after due notice to the judgment debtor . . . ". In the instant case, the notice of motion was not served on the appellant, but was served on the firm of attorneys who were then acting as the attorneys for her as executrix of the estate of Samuel Weinstein, the judgment debtor. Appellant appeared specially to object to the jurisdiction of the court. Her objections were overruled.

The record does not show that appellant has been substituted as a party defendant in the action in which the judgment was secured against Samuel Weinstein. Although it undoubtedly is better practice to secure the substitution, it has been expressly held that failure to secure such substitution, if proper service is otherwise had, does not require the reversal of the order. In *Tolle* v. *Doak*, 12 Cal. App. (2d) 195, 199 [55 Pac. (2d) 542], the court stated: "Although there was no formal order of substitution, under the circumstances shown in this case, this should not require a reversal of the order. (*Mooney* v. *Superior Court*, 183 Cal. 705 [192 Pac. 542].)"

This leaves for determination the sole question as to whether service upon the attorney for the executrix of the estate of the deceased debtor is a valid service within the meaning of section 685 of the Code of Civil Procedure. There are three cases discussing the question of what constitutes a proper service within the meaning of that section since its amendment in 1933 when the requirement was added that the motion could be granted only after "due notice to the judgment debtor". The first of these cases is *Tolle* v. *Doak, supra,* re-

lied upon by appellant. In that case, as in this, the notice of motion was served on the attorney for the executor of the estate of the judgment debtor. There too, as in this case, the executor attempted to appear specially to object on the ground that due notice had not been given. The trial court, as in the instant case, made its order allowing the execution. So far, the two cases present identical factual situations. But in the Tolle case, after the court made its order, the executor moved to vacate it on the ground that the court was without jurisdiction for the reason that the executor had not been substituted for the judgment debtor. The court held (Second Appellate District, Division One) that, by making such a motion, the executor made a general appearance and must be deemed to have waived any defect in the service of the notice of motion. This did not constitute a holding that service on the attorney for the executor was insufficient as a matter of law. In effect, all the court held was that, without deciding whether service on the attorney for the executor was valid, in the particular case, there was another reason— a subsequent general appearance—that conferred jurisdiction on the court. It is true that the court in the course of its opinion stated that ''as the statute is silent as to the manner of giving the notice, personal service is required.'' Appellant interprets this to mean that service must be had on the judgment debtor or executor personally, and that service on an acting attorney is not sufficient. That this is not the correct interpretation of the statement is demonstrated by a later decision by the same District and Division of the Appellate Court. (*Widener* v. *Hartnett,* 30 Cal. App. (2d) 165 [85 Pac. (2d) 925].) In that case it was held that service upon the attorney of the judgment debtor, who was still alive, was personal service within the meaning of section 685 as interpreted in *Tolle* v. *Doak, supra.* The court predicated its decision upon section 1011 of the Code of Civil Procedure which provides that personal service may be had ''by delivery to the party or attorney on whom the service is required to be made''.

The third case discussing this problem is *Smith* v. *Smith,* 42 Cal. App. (2d) 19 [108 Pac. (2d) 47]. This involved an appeal from an order denying defendant's motion to recall and quash a writ of execution. The motion had been made on the ground that in issuing the execution under section 685, *su-*

*pra,* the court had not acquired jurisdiction of the judgment debtor. There the service had been made on the former attorney of the judgment debtor. The evidence was uncontradicted that such attorney had been discharged long before the motion was made under section 685, *supra.* The court held that the service was insufficient. It distinguished *Widener* v. *Hartnett, supra,* on the ground that in that case "no proof was made that the attorney served with notice was not the acting attorney of the defendant at the time of such service." (42 Cal. App. (2d) 19 at p. 22.)

From these cases, it is apparent that the following rules have been established:

■ 1. A formal substitution of the executor for the judgment debtor is not indispensable to the jurisdiction of the court to issue its order for execution under section 685 of the Code of Civil Procedure. (*Tolle* v. *Doak, supra.*)

■ 2. Service upon the attorney for the judgment debtor is sufficient. (*Widener* v. *Hartnett, supra.*)

3. Service upon the former attorney for the judgment debtor, where there is a showing that he was not the attorney for the judgment debtor at the time of service, is insufficient. (*Smith* v. *Smith, supra.*)

■ Applying these rules to the facts here presented, we are of the opinion that service upon the attorney for the executrix of the judgment debtor was a proper service. On the oral argument it was argued on behalf of appellant that, in the absence of service directly upon the executrix, service should have been had on the attorney who had been attorney for the judgment debtor at the time the original judgment was secured. That argument is not convincing. Even if such attorney had been acting as the attorney for the judgment debtor up until the time of the latter's death, such employment ceased upon the death. The purpose of section 685 in requiring service of the notice of motion is fully served by permitting service on the attorney for the executrix. The argument that there was no showing made that the attorneys for the executrix were attorneys for her in the particular matter before the court, and, therefore, that there was no proper service, is equally unconvincing. The answer to this contention is that there was no showing to the contrary. If the attorneys in fact were not employed for the purpose of

representing the executrix in the judgment matter, that was a matter of defense. (*Smith* v. *Smith, supra.*)

The order appealed from is affirmed.

Knight, J., and Ward, J., concurred.

A petition for a rehearing was denied April 5, 1941, and appellant's petition for a hearing by the Supreme Court was denied May 1, 1941.